Russell Robinson (163937)
Law Office of Russell A. Robinson
345 Grove Street, Level One
San Francisco CA 94102
Telephone:   (415) 255-0462
Facsimile:    (415) 255-0464

Attorneys for Plaintiff
ORLANDO BACON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO BACON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; CHIEF OF HEATHER FONG; FORMER CHIEF OF POLICE ALEX FAGAN, SR.; OFFICER ALEX FAGAN, JR. (#1942); OFFICER GARCIA (#42); OFFICER GARCIA (#1788), OFFICER GOODWIN (#1577); OFFICER MORGADO (#466); OFFICER KACZMARCZYK (#1896); OFFICER KNIGHT (#4155); OFFICER LOCK (#1369); OFFICER NEWBECK (#1691); OFFICER DESHONG (#304); OFFICER MCMAHON (#106); SERGEANT O'SULLIVAN (#1422); and, DOES 1-40,<br><br>    Defendants. | ) No.<br>)<br>) **COMPLAINT FOR DAMAGES AND**<br>) **FOR INJUNCTIVE RELIEF; DEMAND**<br>) **FOR JURY TRIAL**<br>) [Civil Rights]<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____
COMPLAINT FOR DAMAGES AND FOR
INJ. RELIEF; DEMAND FOR JURY TRIAL
*Bacon v. City & County of SF, et al*                    - 1 -                                              02-0011P001

**JURISDICTION AND VENUE**

1.   This action arises from acts by Defendants, who violated the several laws and statutes of the United States of America, including the Constitution of the United States and its various amendments, and is brought under 42 USC §1983.  This Court is vested with jurisdiction by 28 USC §§ 1331, 1343, and 1367.

2.   Venue in the United States District Court, Northern District of California, is proper; acts complained of occurred in the City and County of San Francisco, State of California.  Under the Court's local rules, this action is filed in the USDC's San Francisco Division.

**PARTIES**

3.   Plaintiff ORLANDO BACON has been at relevant times an adult, male resident of the State of California, in the City and County of San Francisco.  He is also an adult who, when not residing in San Francisco, makes frequent visits to the City and County of San Francisco; it was during one of these visits that the below injury-causing acts took place.

4.   Plaintiff is informed and believes that Defendant CITY AND COUNTY OF SAN FRANCISCO ("C&CSF") is, and was, a municipal corporation duly organized and existing under the laws of the State of California.  Plaintiff is informed that, in C&CSF (1) the San Francisco Police Department ("SFPD") is that municipal agency charged with investigating and responding to criminal activity; (2) Defendant HEATHER FONG is the most recent, duly appointed CHIEF OF POLICE in C&CSF; and, (3) and that Defendant ALEX FAGAN, SR., was the temporary or provisional Chief who succeeded, at times, Earl Sanders, as Chief of Police in C&CSF, and that Fagan himself was at relevant times the highest ranking "Deputy Chief of Police" in C&CSF. Plaintiff is further informed and believes that it is and was the Chiefs' responsibility, *inter alia,* to manage, control, and set official policy for the SFPD.  Fagan is sued in his individual and

official capacities; Fong is sued in her official capacity, only.

5. Plaintiff is informed and believes that at all relevant times Defendants OFFICER ALEX FAGAN, JR. (#1942), OFFICER GARCIA (#42), OFFICER GARCIA (#1788), OFFICER GOODWIN (#1577), OFFICER MORGADO (#466), OFFICER KACZMARCZYK (#1896), OFFICER KNIGHT (#4155), OFFICER LOCK (#1369), OFFICER NEWBECK (#1691), OFFICER DESHONG (#304), OFFICER MCMAHON (#106), sued in their official and individual capacities, were at all relevant times employed by Defendant C&CSF. Plaintiff is further informed and believes that the above-named individual defendants received training and education in the proper role for police work in the United States, and they were aware at all relevant times of restrictions imposed by the constitutions of the United States of America and of the State of California. These defendants shall be referred to collectively as the "Attackers."

6. Plaintiff is informed and believes that, at all relevant times, Defendant SERGEANT O'SULLIVAN (#1422) has been a police supervisor with the SFPD, and is sued here in individual and official capacities.

7. Defendants DOES 1 though 40 are fictitiously named persons/entities, whose true identities and roles in the events which are the subject matter of this complaint, are presently unknown to Plaintiff. Plaintiff will amend this complaint to identify fictitiously named Defendants and to set forth facts relating to each when same become known to Plaintiff. Plaintiff is informed and believes and thereon alleges that each DOE Defendant is legally responsible for events alleged herein which caused injury and damage to Plaintiff.

8. Unless otherwise alleged, Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein Defendants were the agents and/or employees of their co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and/or employment.

1    9.     In doing the acts or omissions alleged, the defendants and each of them were
2 acting in the course and scope of their employment with the C&CSF.

3    10.    In doing the acts or omissions alleged, the defendants acted under color of
4 authority and/or under color of law.

## STATEMENT OF FACTS

11.    On about August 19, 2002, Plaintiff was cornered by the Attackers in San Francisco, ostensibly as a suspect in a robbery. In the course of making that arrest, several of the Attackers beat Plaintiff, threatened Plaintiff, and caused Plaintiff serious injuries; others stood by and refused/failed to stop the beating. One officer, who Plaintiff is informed and believes is Alex Fagan, Jr. (#1942), threatened to kill Plaintiff's "black ass" and to shoot Plaintiff's "black brains all over this sidewalk." These threats were made in the context of attempting to obtain a confession and to obtain the identity of another suspect from Plaintiff. Another of the Attackers (who cannot be specifically identified at this time) held a gun to Plaintiff's head in order to coerce Plaintiff.

12.    As a result of the beating, Plaintiff is informed and believes that he suffered severe lacerations and contusions, internal bleeding, and a ruptured organ. The trauma and injuries suffered by Plaintiff on August 19, 2002, coupled with Plaintiff's pre-existing sickle cell condition, caused Plaintiff to suffer a seizure.

13.    As a foreseeable result of his injuries suffered, Plaintiff is informed and believes that in connection with the medical care required after August 19, 2002, and received at SF General Hospital, an IV was placed and remained placed in Plaintiff's arm, leading led to infection and requiring follow-up procedures. Plaintiff is informed and believes additional, foreseeable errors in the medical care given to Plaintiff as a result of the injuries inflicted by the Defendants Attackers caused the need for additional care the remainder of Plaintiff's life.

14. Plaintiff is informed and believes that at all relevant times, there existed in the SFPD an atmosphere or environment which tolerated police misconduct. Plaintiff is informed and believes that this atmosphere or environment which tolerated police misconduct was officially ratified, condoned, or created by customs, practices, and policies that existed at the SFPD. Plaintiff is further informed and believes that this atmosphere or environment which tolerated police misconduct, actually led to the encouragement of misconduct and was the moving force behind and cause of many civil rights violations by the SFPD and its employees under Sanders, Fagan, their predecessors, and their successors.

15. Plaintiff is informed and believes that Defendants Attackers individually or acting in concert have engaged in repeated acts of harassment, police misconduct, and constitutionally-destructive conduct against persons residing in or traveling to or visiting the City and County of San Francisco. These repeated acts, part of a pattern and practice, did in fact lead to the constitutional deprivations complained of herein.

16. Plaintiff is further informed and believes that said civil rights violations and or other acts of misconduct included assaults, beatings, false arrests, false warrants, unreasonable searches and seizures, intimidation, kidnapings, falsifying reports, planting of evidence, denial of due process and equal protection of laws, racial discrimination, conspiracy to violate civil rights, and/or other misconduct.

17. Plaintiff is further informed and believes said misconduct included but was not limited to subjecting African-American males in particular to disparate treatment because of race/gender. As a result, Plaintiff and others like him were subjected to unequal treatment, civil rights violations, and other misconduct by Attackers and others employed by Defendant C&CSF.

18. Plaintiff is further informed and believes that Defendants Fagan Sr., Fong, and other high-ranking members of the SFPD repeatedly failed to take remedial or corrective action

COMPLAINT FOR DAMAGES AND FOR
INJ. RELIEF; DEMAND FOR JURY TRIAL
*Bacon v. City & County of SF, et al*                     - 5 -                                              02-0011P001

despite the pervasive and ongoing malfeasance within the SFPD.

19. Plaintiff is further informed and believes that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of African-American males within the City and County of San Francisco and nearby environs – defendant C&CSF has long allowed Plaintiff and others similarly situated to be abused by officers of the SFPD, including but not limited to those defendants named as Attackers herein.

## DAMAGES

20. As a result of the conduct by Defendants, and each of them, Plaintiff suffered special damages, and general damages including but not limited to serious injuries, great fear and mental distress, according to proof.

21. The conduct by the individually named defendants was willful, wanton, intentional, and/or oppressive; therefore, an award of punitive or exemplary damages as to the individual defendants, only, should be made in an amount to be proven.

22. The conduct by Defendants forced Plaintiff to incur legal expenses, costs and fees, and to retain private counsel. Plaintiff is therefore entitled to reasonable costs and attorneys' fees under 42 USC §1988 and California Civil Code §§ 51.7 & 52.

## CONSPIRACY ALLEGATIONS

23. Plaintiff is informed and believes that the acts by the individual defendants, as described above, were part of an agreement or a concerted course of conduct, with the goal being to harm or injure the plaintiffs. Plaintiff is informed and believes that may of the Attackers refused to report or to stop the unlawful force exerted by their co-defendants on Plaintiff, because of their friendship and because some of the Attackers prevailed on their co-defendants not to report the use of force and not to stop the use of force. Plaintiff is further informed and believes that Fagan, Sr., may have used his influence and power to keep Fagan, Jr.,

1  employed as a member of the SFPD despite knowing that Fagan, Jr., has a history of violence

2  and was unfit to serve as a police officer in San Francisco or any other city; this conduct by

3  Fagan, Sr., led directly to the injuries and damages suffered by Plaintiff alleged herein.

4      24.    Plaintiff was injured as a direct result of the efforts by the individual defendants

5  who acted in furtherance of the conspiracy or agreement to damage and injure Plaintiff.

6  **FIRST CAUSE OF ACTION**

7  **42 USC §1983**

8      25.    Plaintiff incorporates by reference all of the preceding paragraphs as though set

9  forth fully herein.

10     26.    Plaintiff is informed that Defendants [CITY AND COUNTY OF SAN

11 FRANCISCO; HEATHER FONG; ALEX FAGAN, SR.; OFFICER ALEX FAGAN, JR.

12 (#1942); OFFICER GARCIA (#42); OFFICER GARCIA (#1788), OFFICER GOODWIN

13 (#1577); OFFICER MORGADO (#466); OFFICER KACZMARCZYK (#1896); OFFICER

14 KNIGHT (#4155); OFFICER LOCK (#1369); OFFICER NEWBECK (#1691); OFFICER

15 DESHONG (#304); OFFICER MCMAHON (#106); SERGEANT O'SULLIVAN (#1422); and,

16 DOES 1-40] and each of them, ratified and condoned the conduct of the individual defendants

17 and each of them, and that the supervisory defendants set the official policies, customs, and

18 practices for the SFPD that were the moving force behind Plaintiff's constitutional injuries. The

19 deprivations by said Defendants, and each of them, violated Plaintiff's rights under the Bill of

20 Rights to the United States Constitution, including but not limited to the Fourth, Fifth, Sixth,

21 Eighth, and Fourteenth, Amendments.

22     27.    Plaintiff is informed and believes that the tortious conduct described herein was

23 known at the time by these defendants to violate of Plaintiff' constitutional rights.

24     WHEREFORE, Plaintiff prays for relief as set forth below.

25

26 _____
COMPLAINT FOR DAMAGES AND FOR
INJ. RELIEF; DEMAND FOR JURY TRIAL
*Bacon v. City & County of SF, et al*      - 7 -      02-0011P001

## SECOND CAUSE OF ACTION

## 42 USC §1983 [Supervisory]

28. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

29. Plaintiff is informed that Defendants Fong, Fagan Sr., O'Sullivan, Does 1-40, and each of them, ratified and condoned the conduct of their co-defendants, and that the supervisory defendants set the official policies, customs, and practices for the SFPD that were the moving force behind Plaintiff's constitutional injuries.  The deprivations by Defendants, and each of them, violated Plaintiff's rights under the Bill of Rights to the United States Constitution, including but not limited to the Fourth, Fifth, Eighth, and Fourteenth, Amendments.

30. Plaintiff is informed and believes that the tortious conduct described herein was known at the time by these defendants to violate of Plaintiff's constitutional rights.

WHEREFORE, Plaintiff pray for relief as follows:

## PRAYER

a. Compensatory damages according to proof;

b. General damages according to proof;

c. Punitive and exemplary damages, as to the individually-named defendants, only;

d. Costs of suit and for reasonable attorneys' fees under, *inter alia,* 42 USC §1988;

e. For pre-judgment and post-judgment interest;

f. For an order requiring Defendants, all persons acting on behalf of Defendants, and each of them, to do the following:

   1. To stop all harassing acts aimed at Plaintiff, Plaintiff's family, and others who may be affiliated with Plaintiff;

   2. To retrain each of the individually-named defendants regarding the proper use of authority and force;

   3. To cease using the real or implied threats of violence in police work; and,

   4. To terminate all of the individually-named defendants with a history of committing similar acts of over-aggressive/excessively violent police work.

 g. Such other and further relief as the Court deems just and proper.

Date: _____

                _____
                Law Office of Russell A. Robinson
                Attorneys for Plaintiff ORLANDO BACON

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury in this matter. That is, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 38, Plaintiff hereby demands a trial by jury as is his guaranteed right. Pursuant to FRCP, Rule 39, Plaintiff requests that the matter be designated as a jury action upon the Court's docket.

Date: _____

                _____
                Law Office of Russell A. Robinson
                Attorneys for Plaintiff ORLANDO BACON

_____
COMPLAINT FOR DAMAGES AND FOR
INJ. RELIEF; DEMAND FOR JURY TRIAL
*Bacon v. City & County of SF, et al*     - 9 -     02-0011P001