1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9    ORLANDO BACON,

10                            Plaintiff,              NO. C04-3437 TEH

11               v.                                   ORDER DENYING
                                                      DEFENDANTS' AMENDED
12   CITY AND COUNTY OF SAN                           MOTION TO DISMISS
     FRANCISCO, et al.
13
                              Defendants.
14

15

16          This matter came before the Court on July 26, 2005, on Defendants' Amended Motion

17   to Dismiss for Failure to Serve Summons and Complaint Within 120 Days and to Dismiss for

18   Insufficiency of Service of Process.  After careful consideration of both parties' written and

19   oral arguments, supporting documentation, and the record herein, the Court hereby DENIES

20   Defendants' motion for the reasons discussed below.

21

22   I.     BACKGROUND

23          On August 19, 2002, Defendant officers of the San Francisco Police Department

24   ("SFPD") allegedly cornered Plaintiff Orlando Bacon as a suspect in a robbery, beat and

25   threatened him, and caused him serious injuries.  Bacon brought a lawsuit against San

26   Francisco and twelve SFPD officers in this Court on August 19, 2003, and the action was

27   assigned to Judge Jenkins.

28

United States District Court
For the Northern District of California

During the time that the suit was before Judge Jenkins, Bacon allegedly disappeared for five months, losing contact with counsel; he was rumored deceased and eventually reappeared in a Martinez facility when arrested.  Bacon had been further injured and counsel was unable to meet with him despite visits to the jail.  Counsel applied twice for extension of case management dates and service deadlines, both of which were granted by Judge Jenkins.  Due to problems accessing both Bacon and his criminal defense record, counsel ultimately moved for voluntary dismissal, which Judge Jenkins granted on July 28, 2004.

Plaintiff's counsel re-filed this case just within the two year statute of limitations on August 19, 2004, and the case was assigned to Magistrate Judge Spero.  Plaintiff's counsel failed to notify Judge Jenkins of the filing of the action as required by the local rules.  Defendants filed a Notice of Related Cases on April 8, 2005, but Judge Jenkins found the cases to be unrelated.[1]  As Defendants still had not been served, Judge Spero granted Plaintiff's counsel an extension for service of process until the second case management conference on February 18, 2005; the judge noted that "if the Defendants are not served before [then], this case shall be dismissed."  Newdorf Decl. Ex. I.

On February 18, 2005, Plaintiff's counsel attended the case management conference and allegedly produced proofs of service for all remaining ten defendants.[2]  Robinson Decl. ¶ 7. Judge Spero noted that the proofs were facially deficient because, for example, they failed to name the individual served, or to note the case number.  However, Judge Spero did not dismiss the case, which was subsequently sent to these chambers because Defendants declined to proceed before a magistrate judge.

---

[1] Defendants argued in part that Plaintiff's counsel was "judge shopping" based on his failure to notify Judge Jenkins of the filing of a related case as required under the local rules. Civ. L. R. 3-12(b).  However, the primary reasons for notification of related cases – to avoid unduly burdensome duplication of labor and expense, and conflicting opinions before different judges – are not implicated in the present case, which remains at the initial stages and unlitigated.

[2] Three officers and a former chief of police had been dismissed, leaving a total of ten defendants.  None of these defendants appeared at the case management conference.

United States District Court
For the Northern District of California

1    In March, Plaintiff's counsel had all Defendants re-served with the exception of Officer

2    Alex Fagan, Jr., whom counsel was unable to locate.  Defendants conceded at the hearing that

3    three defendants – the City and County of San Francisco, Chief Heather Fong, and Officer

4    Garcia – were given proper though untimely service as of March 2005.  The remaining six

5    defendants were served at their places of employment (SFPD police stations)  through agents

6    who held themselves out to be authorized to accept service of summonses and complaints.

7    Defendants now move to dismiss the complaint for (1) failure to serve within 120 days

8    or within the extended period for service allowed by the Court, and (2) insufficiency of

9    process for six of the summonses served in March.

10

11    **II.    LEGAL STANDARD**

12    Under Federal Rule of Civil Procedure 4(m), if a plaintiff shows "good cause" for

13    failure to serve the summons and complaint within 120 days after filing the complaint, the

14    court "shall extend the time for service for an appropriate period."[3]  Even where no good cause

15    is shown, the court has the discretion to dismiss without prejudice or to extend the time period

16    for service of the complaint.  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  There is no

17    specific test that a court is required to apply when exercising its discretion in the absence of

18    good cause; however, under the terms of the rule, the court's discretion is broad.  *Id*. at 513.

19    Any appeal under this rule will be reviewed for abuse of discretion.  *Id*. at 511.

20

21    **III.    DISCUSSION**

22    Courts must determine whether good cause has been shown on a case-by-case basis;

23    however, at minimum, good cause means "excusable neglect."  *In re Sheehan*, 253 F.3d at 512.

24    Some factors that a court may consider in its analysis include whether (a) the party to be

25

26    [3]Rule 4(m) provides:  "If service of the summons and complaint is not made upon
defendant within 120 days after the filing of the complaint, the court, upon motion or on its
own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that

27    defendant or direct that service be effected within a specified time; provided that if the plaintiff
shows good cause for the failure, the court shall extend the time for service for an appropriate

28    period."  Fed. R. Civ. P. 4(m)

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and

2    (c) plaintiff would be severely prejudiced if his complaint were dismissed.  *Id*.

3          In *In re Sheehan*, the Ninth Circuit upheld a bankruptcy court's holding that there was

4    no good cause shown to extend the 120-day period for service provided by Rule 4(m).

5    Plaintiff had attempted to serve defendant first by mail and then by personal service six days

6    after the 120-day expiration date, but both times by serving defendant's attorney rather than

7    defendant.[4]  The court noted that plaintiff failed to show actual notice to plaintiff, lack of

8    prejudice to defendant, or severe prejudice to plaintiff.  Thus, no good cause was shown.

9          The present matter is distinguishable from *In Re Sheehan* because Plaintiff attempted

10   to personally serve Defendants (rather than through substitute service by mail to their attorney)

11   twice; Plaintiff has shown some proof of actual notice to Defendants; the prejudice to

12   Defendants would be minimal in this case if Plaintiff were given an extension; and there would

13   be severe prejudice to Plaintiff if this case were dismissed.

14

15          **A.    Plaintiff Has Made a Good-Faith Attempt to Serve Defendants**

16          Good cause may be found in the context of Rule 4(m) where plaintiff "attempted

17   service but did not complete it."  *Television Signal Corp. v. City & County of San Francisco*,

18   193 F.R.D. 645, 646 (N.D. Cal. 2000).  A court's examination should focus on "whether the

19   delay resulted from inadvertence or whether a reasonable effort to effect service has

20   occurred."  *Id.*

21          **1.      Plaintiff Has Attempted to Personally Serve Defendants Twice**

22          In the present matter, Plaintiff made two good-faith attempts to serve Defendants: (1)

23   once, before the February 18, 2005 deadline set by Judge Spero, and (2) twice, in March 2005

24   through re-service.  Although the first proofs were found to be technically deficient by Judge

25   Spero, he did not dismiss the case.  Although Judge Spero's reasoning is unclear, he may have

26

27          [4]Both attempts at service were defective under bankruptcy law because the service by
     mail was not within ten days from issuance of the complaint and because a defendant may not
28   be personally served through an attorney.

4

United States District Court

For the Northern District of California

1   found the proofs and counsel's attempt to serve to be adequate cause to survive dismissal.

2   Failure of proof of service does not affect validity of service.  Fed. R. Civ. P. 4(l).  The proofs

3   demonstrated service to SFPD, both at their central office and at the Taraval Station, and to one

4   officer at a private residence, and it is difficult to imagine what other persons these proofs

5   would be intended for if not Defendants in this case.

6          In March 2005, through a different process server, Plaintiff attempted to re-serve

7   Defendants.  Defendants concede that proofs of service for three defendants served as of

8   March 2005 are valid.  However, Defendants contend that the proofs of service for six

9   defendants are technically insufficient under Federal Rule of Civil Procedure 4(e) because

10  Plaintiff has failed to show that the agents accepting the summons and complaint on behalf of

11  Defendants at the police stations were in fact authorized to do so.[5]  Claims by an agent of

12  having authority to receive process, or the fact that an agent actually accepts process, is not

13  enough to bind a defendant to a court's jurisdiction.  *See Daniel v. U.S.,* 891 F. Supp. 600

14  (N.D. Ga.,1995); *Whisman v. Robbins*, 712 F. Supp. 632 (S.D. Ohio 1988).  Neither is service

15  on an employer or its agents "sufficient to effect personal service on an individual being sued

16  in his or her capacity."  *Taylor v. Gearan*, 979 F. Supp. 1, 5 (D.D.C. 1997).

17         Plaintiff bears the burden of proving sufficiency of service.  *Wei v. Hawaii*, 763 F.2d

18  370, 372 (9th Cir. 1985).  Here, Plaintiff made no showing that the agents that held themselves

19  out to be authorized to accept service in fact were so authorized, and Plaintiff therefore has not

20  met his burden.  However, the proofs nonetheless support a showing of a good-faith attempt to

21  serve a second time.

22

23

24         [5]Rule 4(e) provides: "Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

25  (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of

26  general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling

27  house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by

28  appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)

United States District Court

For the Northern District of California

### 2.    Plaintiff Has A Reasonable Basis for Non-Compliance with Service Requirements

Defendants contend that, even if there were a good-faith attempt, the reliance by Plaintiff on his process server to adequately comply with the laws governing service is not a reasonable basis for failure to adequately serve, and that Plaintiff's complaint should therefore be dismissed.  For support, Defendants cite *Putnam v. Morris*, 833 F.2d 903 (10th Cir. 1987), a malpractice action in which the Tenth Circuit held that failure of a service processor to adequately serve the defendant bound the plaintiff; the court therefore upheld dismissal of the plaintiff's case.  However, in *Putnam*, the court's decision rested on the service processor's lax efforts to serve the defendant through certified mail without any sense of urgency and the processor's failure to telephone the defendant when he had access to the defendant's telephone number.  Here, Plaintiff's server attempted personal service twice and the alleged inadequacy of service is based entirely on deficiency of proofs, not a lack of will to serve.

Further, in *Putnam*, the Tenth Circuit found that the plaintiff had made no showing of a "reasonable basis for non-compliance within the time specified."  *Id.* at 905.  In the present matter, Plaintiff has shown a reasonable basis for the extended delay of nineteen months from the time of filing the original complaint in Judge Jenkins's court until the present time.  In the first federal action, Bacon was in and out of contact with counsel, had on-going brushes with the law, and at one point was rumored deceased.  It is reasonable for counsel to incur some delay in attempting to sort out these problems and ensure that his client is determined to prosecute.  Judge Jenkins found good cause to extend the time to serve and to continue the case management conferences in that action.  In the end, Judge Jenkins dismissed the case without prejudice, allowing under law a return to federal court.[6]  In the second federal action

---

[6]Defendants contend that Judge Jenkins dismissed the case on the assumption that Plaintiff would pursue an action in state court but that, in fact, Plaintiff misrepresented the purpose for dismissal and wanted to just "buy time".  This is irrelevant to whether Plaintiff unreasonably delayed the action.  At the time, Plaintiff's counsel was unsure whether he had a cause of action in federal court and so requested voluntary dismissal.  Plaintiff's counsel admits that he requested dismissal in order to have more time to resolve issues with his client. The Court finds this to be a reasonable excuse.

1   before Judge Spero, Plaintiff made a good-faith attempt to serve Defendants within the time

2   period specified by the court and, despite insufficiency of proof, was not dismissed.

3       Defendants also cite *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir.

4   1986), in support of their argument that Plaintiff's reliance on his process server is no excuse

5   for failure to produce sufficient proof of service.  In that case, a court clerk failed to notify

6   counsel of a final judgment and counsel made no independent attempt to keep informed of the

7   status of the case, thus missing the deadline for appeal.  The court noted that it was the

8   responsibility of counsel to keep abreast of the case and the failure of the clerk did not justify

9   counsel's neglect.  This case is barely comparable to the case at bar.  In the present matter,

10  counsel was aware of his responsibilities to the Court and attempted to comply with them.

11      Defendants argue that the Court would be within its discretion to dismiss this case

12  where Plaintiff has failed to serve for over nineteen months since the original complaint, citing

13  *Hason v. Medical Board of California*, 279 F.3d 1167 (9th Cir. 2002), *Television Signal*

14  *Corp. v. City & County of San Francisco*, 193 F.R.D. 645 (N.D. Cal. 2000), and *Hunt v.*

15  *Smith*, 67 F. Supp. 2d 675 (E.D. Tex. 1999).  It is true that the Court would be well within its

16  discretion to dismiss this case.  However, all the cases cited by Defendants are distinguishable

17  from the case at hand.  In *Hason*, a civil rights and disability discrimination case, counsel had

18  originally *wanted* the unserved defendants to be dismissed and so failed to respond to an order

19  to show cause.  In *Television Signal Corp.*, a case dealing with a city's violation of franchise

20  rights, counsel *wilfully* chose not to serve the original complaint in order to strengthen the

21  plaintiff's negotiation position with the defendant.  In *Hunt*, a wrongful termination case, there

22  was *no attempt* to effectuate service even though counsel was aware of a claim of improper

23  service.  In none of these cases was there a showing of a good-faith attempt to serve.  In short,

24  Defendants have failed to point to a case on point that persuades this Court that, given the

25  specific facts of this case, dismissal would be appropriate.

26

27

28

United States District Court
For the Northern District of California

**B.    Plaintiff Has Shown Some Proof of Actual Notice to Defendants**

As noted above, although the proofs are technically deficient, there is some indication that Defendants received actual notice of the action against them.  First, two of the defendants have been adequately served.  Second, seven defendants were served at their place of employment.  Lastly, Defendants made appearances to contest their default.  Although Plaintiff has failed to meet his particular burden of proof of service under Rule 4(l), this Court reasonably infers that Defendants have received actual notice.

**C.    The Prejudice to Defendants Through Untimely Service Is Minimal**

Defendants claim that the prejudice inherent in granting an extension of time to service is (1) the fading of witness memories over time and (2) the prejudice to "the Court's dignity and the judicial process."  Reply at 6.  Defendants further assert that "prejudice may be presumed from unreasonable and lengthy delay."  *See Citizens Utilities Co. v. Am. Tel. & Tel.*, 595 F.2d 1171, 1174 (9th Cir. 1979).[7]  The Ninth Circuit has found that this presumption of prejudice is rebuttable if Plaintiff can produce an excuse for the delay that is "anything but frivolous."  *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998). Plaintiff rebuts the presumption of prejudice due to a three year delay by presenting reasonable excuses under the facts of this case – i.e., problems communicating with the client and failure of the service processor to adequately serve.

**D.    Granting This Motion Would Cause Severe Prejudice to Plaintiff Because His Federal Civil Rights Action Will Be Time-Barred**

Plaintiff may be severely prejudiced if this case were dismissed because Plaintiff's case will thereafter be time-barred from re-entry into federal court.  Defendants note that this Court may be unwilling to dismiss Plaintiff's claim and thus "punish" Plaintiff due to the conduct of his lawyer.  Defendants also note that the Ninth Circuit in *Wei* allows this result.  In *Wei*, a civil

---

[7]Defendants cite *Citizens*, an anti-trust action, in support of their claim of unreasonable and lengthy delay resulting in prejudice.  *Citizens Utilities Co.,* 595 F.2d 1171.  Notably, in *Citizens,* the delay was sixteen years.  *Id.* at 1174.  Here, the incident occurred less than three years ago on August 19, 2002.

rights action, the plaintiff failed to timely serve defendants and the trial court dismissed seven months after the initial complaint was filed; the action was by that time time-barred.  The Ninth Circuit stated that it recognized that "Wei may be harmed by his attorney's neglect, but litigants are bound by the conduct of their attorneys absent egregious circumstances which are not present here." *Wei*, 763 F.2d at 372.  However, the court's rationale behind this decision was in part a policy decision to force parties to be diligent in prosecuting their causes of action. *Id.*  Counsel in *Wei*, in contrast to the present case, made no attempt to serve defendants.  Here Plaintiff's counsel made two attempts, one timely and one approximately one month after the deadline for service.  In addition, judicial policy strongly favors disposition on the merits, especially in civil rights actions. *Hernandez*, 138 F.3d at 401.  Dismissal of Plaintiff's case would prohibit a disposition on the merits because Plaintiff would be time-barred from re-filing his claims.

## IV.     CONCLUSION

A plaintiff may show good cause for failure to timely serve if he shows proof of excusable neglect, actual notice to the defendants, lack of prejudice to the defendants, and severe prejudice to the plaintiff.  Here, Plaintiff has shown good-faith attempts to serve and a reasonable basis for failure to comply within the given time period, thus supporting a finding of excusable neglect.  In addition, although Plaintiff has not technically shown actual notice, there is some indication that Defendants have received actual notice.  Further, the prejudice to Defendants through "fading of witness memories" given a further extension of time is minimal, whereas the prejudice to Plaintiff given dismissal is severe, as his claim will be time-barred.

Because the Court has broad discretion to determine whether to extend the period of service even absent a showing of good cause, this Court DENIES Defendants' motion to dismiss.  Defendants concede that three proofs of service have been properly (though not timely) filed; this Court accepts those proofs as valid and considers those three Defendants – City & County of San Francisco, Chief of Police Heather Fong, and Officer Garcia (#1788) – to have been served.  For the remaining seven defendants, the Court grants Plaintiff until

1   August 29, 2005, at 1:30 PM, to provide adequate proofs of service to the Court.  This Court

2   further orders Defendants to provide Plaintiff with the personal residential addresses for each

3   of the remaining seven defendants.[8]  Failure to properly serve the remaining defendants by the

4   August 29 deadline will result in the dismissal of all unserved defendants from this case..

5

6   **IT IS SO ORDERED.**

7

8   DATED    08/10/05                              /s/
                                        THELTON E. HENDERSON, JUDGE
9                                       UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
    _____
27      [8]Alternatively, Defendants' counsel may agree to accept service on behalf of these
    defendants.  For example, following the hearing, Defendants' counsel agreed to accept service
    on behalf of Defendant Alex Fagan, Jr.  Defendants therefore need not provide Fagan's last
28  known residential address to Plaintiff.